# IN THE COURT OF APPEALS OF IOWA

No. 22-0219
Filed November 2, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB ROSS HUNEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Patrick W.
Greenwood, Judge.


        Jacob Huney appeals his sentence following his guilty plea to lascivious
acts with a child and child endangerment.  **AFFIRMED.**


        Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**VAITHESWARAN, Presiding Judge.**

Jacob Huney pled guilty to lascivious acts with a child and child endangerment. The district court entered an order of conviction and sentenced Huney to a prison term not exceeding ten years on the lascivious-acts count and two years on the child-endangerment count, to be served concurrently.

On appeal, Huney contends the district court "rel[ied] too heavily on the issue of retribution" in sentencing him to prison, in lieu of suspending the sentence and placing him on probation, as recommended by the preparer of the presentence investigation report. He asserts the court's reliance on that factor amounted to an abuse of discretion.[1] *See State v. Davison*, 973 N.W.2d 276, 280 (Iowa 2022) (setting forth standard of review). The State responds that "the sentencing court thoroughly detailed its rationale for declining to suspend Huney's sentence." We agree.

The court weighed a number of factors, including the presentence investigation report.[2] The court discussed mitigating and aggravating factors, as well as rehabilitation and community protection through incapacitation. The court then proceeded to the twin goals of "deterrence and retribution," explaining that these goals, together with "incapacitation" and "rehabilitation," were at "the heart

---

[1] Notwithstanding recent legislation that limits the right of appeal from a guilty plea, a defendant has good cause to appeal a sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] The court noted it had read "every page of" the report and attachments. One of the attachments was a psychosexual evaluation authored by a licensed social worker with the same last name as the sentencing judge. Huney makes reference to the author. The sentencing judge clarified on the record that he was "not in any way related to the author of the report," did not "know the man," and had "[n]ever talked to him, to the best of [his] knowledge."

of the matter." The court concluded "it [was] only by incarceration that all four of the sentencing goals [would] be achieved." We discern no abuse of discretion in the court's sentencing decision. We affirm Huney's sentence.

**AFFIRMED.**